UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-00364-DOC (MLGx)          Date: December 13, 2013

Title: FAMILY TREE PRODUCE, INC. V. GIL ANGELO BAUTISTA ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

Before the Court is a Request for Default Judgment ("Motion") filed by Plaintiff Family Tree Produce, Inc. ("Plaintiff") against Defendant Gil Angelo Bautista, Jr., d/b/a Marina Farms ("Defendant") in the above-captioned case. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court GRANTS Plaintiff's motion.

**I.**     **Background**

The facts alleged by Family Tree Produce, Inc. ("Plaintiff") are as follows:

On March 1, 2013, Plaintiff filed this action against Defendant[1] seeking enforcement of the statutory trust established under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). Plaintiff avers that Defendant is a licensed dealer of perishable agricultural commodities as defined by **7** U.S.C. § 499a(4) and (6). Between January 28, 2012, and March 13, 2012, Plaintiff allegedly sold and delivered wholesale quantities of perishable agricultural commodities (hereinafter "produce") worth $44,281.25 to Defendant. Defendant allegedly received the produce and failed to pay a principal amount of $44,281.25, despite repeated demands by Plaintiff.

---

[1] Gil Angelo Bautista was named with codefendant Romulo Bautista in Plaintiff's initial motion for default judgment (Dkt. 9). The Court granted default judgment against Romulo Bautista on October 15, 2013 (*see* Dkt. 15), but Defendant was not addressed in the Court's order because he had filed for bankruptcy. *See* Request for Entry of Default Judgment (Dkt. 13) Ex. A. The bankruptcy court dismissed the bankruptcy case and vacated the automatic stay on October 16, 2013. *See* Notice of Dismissal (Dkt. 16), Ex. A. The Court thus proceeds with Plaintiff's request as to Defendant Gil Angelo Bautista.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00364-DOC (MLGx)　　　　　　　　　　　Date: December 13, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

　　　Plaintiff alleges that Defendant is and was an individual doing business as Marina Farms ("Marina Farms") with the ability to control the PACA trust assets belonging to Plaintiff. Compl. ¶ 4. In their Complaint, Plaintiff avers that invoices were sent to Defendant containing the statutory prescribed language notifying Defendant of Plaintiff's intent to preserve the trust under 7 U.S.C. § 499e(c)(4). *Id.* ¶ 9. Plaintiff further alleges that Defendant does not dispute the debt and failed and refused to pay the debt in violation of PACA's trust provisions. Compl. ¶ 10.

　　　Plaintiff served Defendant on March 9, 2013 (Dkt. 5). Defendant has not answered the Complaint. On April 3, 2013, the Clerk of the Court entered default against Defendant (Dkt. 8). Plaintiff now seeks default judgment against Defendant and requests payment of the principal of $44,281.25, along with accrued interest, costs, attorneys' fees, and pre-judgment and post-judgment interest amounts.

　　　**II.　　Legal Standard**

　　　Federal Rule of Civil Procedure 55 provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

　　　When a party applies for default judgment, "the court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

　　　**III.　　Jurisdiction and Service of Process**

　　　Courts have an affirmative duty to examine their own jurisdiction–both subject matter and personal jurisdiction–when entry of judgment is sought against a party in default. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The immediate action was brought under PACA. Therefore, federal subject matter jurisdiction applies under 29 U.S.C. § 1331. Personal jurisdiction arises from Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00364-DOC (MLGx)            Date: December 13, 2013
                                                                                     Page 3

---

commercial activities within California. *See Gray & Co. v. Firtsenberg Mach. Co.,* 913 F.2d 758, 760 (9th Cir. 1990)**.**

       This court must also assess whether the Defendant was properly served with notice of this action. On March 9, 2013, Plaintiff personally served Defendant at his residence. Fed. R. Civ. P. 4(e)(2)(A) (an individual may be served "by delivering a copy of the summons and of the complaint to the individual personally"). Therefore, Defendant was properly served with notice of this action.

       **IV.**     **Discussion**

            **A.**       **Sufficiency of the Claim**

       Plaintiff's Complaint brings claims against Defendant for failure to comply with statutory PACA trust provisions: failure to pay trust funds; failure to pay promptly; failure to pay for goods sold; and unlawful dissipation of trust asset. Plaintiff also requests attorneys' fees, accrued interest, costs, and prejudgment and post-judgment interest. Compl. ¶¶ 31-34.

       PACA was enacted to ensure fair business practices in the produce industry. *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997) (citing *Farley & Calfee, Inc. v. USDA*, 941 F.2d 964, 966 (9th Cir. 1991)). In 1984, Congress amended PACA to "remedy [the] burden on commerce in perishable agricultural commodities" and to address the problems resulting from accounts receivable financing arrangements that give lenders a greater security interest in the produce than the suppliers. 7 U.S.C. § 499e(c)(1). Accordingly, Section 499e(c) created the PACA trust. As the Ninth Circuit explained, "the trust automatically arises in favor of a perishable agricultural commodities seller upon delivery of perishable agricultural commodities and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing in connection with the transaction have been received." *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.,* 307 F.3d 1220, 1224 (9th Cir. 2002). This prevents buyers who fail to pay and then declare bankruptcy from leaving producers and sellers with no contractual right to receive payment. *Id.*

       PACA claims establishing the existence of a trust must include a showing that the commodities sold were perishable agricultural commodities subject to PACA and that the purchaser of the produce was a commission merchant, dealer, or broker. *See* 7 U.S.C. § 499e. Plaintiff has alleged in the Complaint that they sold and shipped perishable agricultural commodities under PACA to Defendant, who was a merchant, broker, or dealer. Compl. ¶ 4. PACA also requires a showing that the produce was purchased and sold in anticipation of interstate and/or foreign commerce, which Plaintiff has also alleged. *Id.* ¶ 3. Finally, to properly allege their PACA claim, Plaintiff has sufficiently pleaded that Defendant has refused to pay for the produce, *id.* ¶ 11, and that they preserved their rights to the trust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00364-DOC (MLGx)          Date: December 13, 2013
         Page 4

---

by including statutory language in their invoices, which they sent on the date of each transaction. *Id.* ¶ 9, Ex. C and D. Therefore, Plaintiff sufficiently alleges the existence of a PACA trust.

Plaintiff also alleges that Defendant was in a position to control PACA assets belonging to Plaintiff, and that Defendant transferred or diverted trust assets in violation of PACA and, therefore, breached its fiduciary duties. FAC ¶¶ 21-30; 42-50. Plaintiff further avers that Defendant deprived Plaintiff of their right as a beneficiary to the PACA trust assets, and therefore Defendant's failure to preserve and pay PACA trust assets to Plaintiff is an unlawful dissipation of trust assets. *Id.*

### B.     The Court's Discretion to Grant Default Judgment

The Ninth Circuit has provided seven factors for the district court to consider in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Application of each of the *Eitel* factors favors entry of default judgment against Defendant in this case.

#### 1.     The Possibility of Prejudice to the Plaintiff

Defendant has failed to file responses to the Complaint. Plaintiff would be undeniably prejudiced if the Court did not grant default judgment, as they have no other alternative remedy to recoup their losses on the produce shipments. *See Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2002). Thus, there is a substantial possibility of prejudice to the Plaintiff if the motion for default judgment is denied.

#### 2 & 3. The Merits of the Claim and the Sufficiency of the Complaint

The Complaint is sufficient to support an entry of default judgment. Judgment by default cannot be entered if the complaint fails to state a claim. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004). Plaintiffs are required to state a claim upon which they can recover. *Pepsico, Inc.,* 238 F. Supp. 2d at 1175. In the instant case, the Complaint details the PACA claims against Defendant. Plaintiff seeks to enforce a PACA trust against Defendant. Compl. ¶ 8. Produce sellers are provided the establishment of a statutory trust where a "produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." *Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.)*, 958 F.2d 938, 939 (9th Cir. 1992). Moreover, "[t]he trust automatically arises in favor of a produce seller upon delivery of produce and is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00364-DOC (MLGx)            Date: December 13, 2013
                                                                               Page 5

---

for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.)*, 947 F.2d 1351, 1352 (9th Cir. 1991). Plaintiff is a PACA licensee. *See* Compl. Ex. A. Further, Plaintiff properly included the statutorily prescribed notice of intent to preserve its benefits under the PACA trust by writing the notice on its invoices. The notice of intent on invoices serves to advise purchasers that they have a fiduciary duty to preserve a PACA trust until full payment has been made for the purchased produce. Therefore, the Court finds that the Plaintiff's allegations and underlying merits sufficient to state a claim to support an entry for default judgment.

### 4.      The Sum of Money at Stake

The court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc.,* 238 F. Supp. 2d at 1176. The fact that a large sum of money is at stake is a factor in disfavoring default judgment. *See Eitel*, 782 F.2d at 1472 (the fact that $2,900,000 was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default).

The sum of money at stake in this action appears proportionate to the series of produce sales by Plaintiff to Defendant. Plaintiff requests that they receive a total judgment of $58,848.12. First, Plaintiff requests the cumulative amount of their principal, $44,281.25. They also seek contractually accrued interest in the amount of $9,822.08 from the date of default through April 30, 2013, costs of $512.50, and attorneys' fees amounting to $4,744.79. Finally, Plaintiff requests post-judgment interest from the date of judgment at a rate allowed by 28 U.S.C. § 1961. Plaintiff's request for a total judgment of $58,848.12 is significantly less than the amount contemplated by the court in *Eitel*. *See Eitel*, 782 F.2d at 1472; s*ee also Church Bros., LLC v. Garden Eden Produce, LLC,* 2012 WL 1155656 (N.D. Cal. Apr. 5, 2012) (holding Plaintiff's request for total judgment of $212,259,21 was "far less than that contemplated by *Eitel*"). Furthermore, the principal amount Defendant was obligated to preserve under the PACA trust comprises more than two thirds the sum of money at stake. Therefore, because the amount of damages in the instant case is diminutive in comparison to the money at stake in both *Eitel* and *Church Bros.*, this factor weighs in favor of entering a default judgment.

### 5.      The Possibility of Dispute Concerning Material Facts

There is little possibility of dispute as to any material fact. Indications that there is a dispute of material fact weigh against entry of default judgment. *Eitel*, 782 F.2d at 1471–72. First, Defendant is aware of this lawsuit because Defendant has been served with a summons and complaint. Second, Defendant has not yet made any attempt to challenge the Complaint or otherwise appear in this case. Therefore there is no indication that there is a dispute of material fact.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-00364-DOC (MLGx)                  Date: December 13, 2013
                                                                                        Page 6

### 6. Whether the Default Was Due to Excusable Neglect

It is unlikely that Defendant's failure to answer Plaintiff's Complaint was due to excusable neglect. Defendant was properly served with a summons and complaint. Further, this action was filed over six months ago, and despite Defendant's knowledge of this action, Defendant has not yet responded by answering to the Complaint or by appearing in this Court. See *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (holding Defendants had no excusable neglect because they were "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Hence, there is no evidence that Defendant's default was due to excusable neglect.

### 7. The Strong Policy Favoring Decision on the Merits

Federal courts generally disfavor entry of default judgment and instead favor deciding cases based on the merits. However, given Defendant's disregard for responding to the Complaint or to any of Plaintiff's contact attempts, the Court finds that a decision on the merits is not "reasonably possible." *Eitel*, 782 F.2d at 1472. Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical. Hence, the Court deems default judgment appropriate.

### C. Damages

Plaintiff asks for a damage award pursuant to PACA. *See* 7 U.S.C. § 499e. First, Plaintiff requests the cumulative amount of their principal, $44,281.15. Plaintiff also seeks contractual finance charges in the amount of $9,822.08, calculated from the date the payment was due through April 30, 2013. *See* Motion at 7. They further ask for attorneys' fees in the total amount of $4,744.79, and costs in the amount of $512.50, for a total judgment of $58,848.12. Finally, Plaintiff requests post-judgment interest from the date of judgment at the rate allowed by 28 U.S.C. § 1961. Plaintiff argues that these amounts are based on the agreed upon invoices sent to Defendant and are authorized under PACA.

#### 1. Principal

Plaintiff's request to be repaid the $44,281.15 of the principal is justified pursuant to PACA. Plaintiff has supplied evidence establishing that this amount is accurate, based on the invoices from those sales. *See* Compl. Ex. C and D. Furthermore, the invoices provided preserved Plaintiffs' PACA rights by including the necessary statutory language at the bottom of each invoice. *See id*. Therefore, the Court GRANTS principal damages of $44,281.15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00364-DOC (MLGx)            Date: December 13, 2013
                                                                                                    Page 7

### 2. Pre-Judgment Interest and Finance Charges

In addition to the Principal amount sought, Plaintiffs also request pre-judgment interest and finance charges through April 30, 2013. Plaintiff claims a pre-judgment interest contractual right of 1.5% per month based on language written within the invoice. This amount totals $9,822.08. Lewis Decl. Ex. C. Under *Middle Mountain*, prejudgment interest may be included in a PACA trust claim if supported by a contractual right; alternatively, the Court has discretion to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants. 307 F.3d at 1225-26. "[A] district court has broad discretion to award pre-judgment interest to PACA claimants under 7 U.S.C. § 499e(c)(2) ... [A] district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and such an award absent contract is discretionary." *Id*.

Here, the court is unable to clearly and unambiguously decipher the language written on Plaintiff's invoices. However, Plaintiff's attorney has provided a written declaration affirming that the cumulative interest charged through April 30, 2013 totals $9,822.09. Furthermore, the Plaintiff submits comprehensive spreadsheet calculating interest due on the unpaid balances from the date the balance was due through April 30, 2013. Lewis Decl. Ex. C. Therefore, the court will use its discretion and GRANTS Plaintiff pre-judgment interest of $9,822.08 through April 30, 2013, and continuing until judgment is entered at the rate of 1.5% per month.

### 3. Attorneys' Fees

Plaintiffs further request attorneys' fees in the total amount of $4,744.79 and costs of $512.50. They argue that under PACA, their sales agreements authorize attorneys' fees and costs to the prevailing party in any legal action commenced to collect "sums owing in connection with" the trust transactions. *See* Motion at 6-7.

PACA does not include an authorization for attorneys' fees. *Rey Rey Produce SFO, Inc. v. M & M Produce and Food Service Supplies, Inc.*, 2006 WL 1867633, at *2 (N.D. Cal. 2006). Plaintiffs nevertheless argue that if there is an enforceable agreement between the parties, then attorneys' fees and prejudgment interest should be awarded as "sums owing in connection with" the trust transactions. *Coosemans Specialities, Inc. v. Gargiulo*, 485 F.3d 701 (2d Cir. 2007). The Court agrees. *Coosemans Specialties, Inc.* follows the Ninth Circuit decision that although an express statutory basis for attorneys' fees does not exist under PACA, attorneys' fees are proper when an enforceable contract exists giving the plaintiff a right to attorneys' fees. *Middle Mountain*, 307 F.3d at 1225. In *Middle Mountain Land and Produce Inc.,* the plaintiff supplier filed a claim for the amount of unpaid invoices, outstanding attorneys' fees, and interest after the defendant went into bankruptcy. *Id.* at 1222. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00364-DOC (MLGx)            Date: December 13, 2013
                                                                           Page 8

---

appellate court held the plain meaning of the phrase "in connection with" in PACA encompassed not only the price of the perishable agricultural commodities but also additional related expenses, including contractual rights to attorneys' fees and interest. *Id.*

      Plaintiff produces sufficient evidence to show that such a contractual right exists in the instant action. Plaintiff submits a total of fifteen pages marked as invoices. Compl. Ex. D. One invoice states a notice of "ATTORNEYS' FEES" in the event of default. *See Id*. at 26-27. The attorneys also submit an itemized and detailed accounting of their fees, which the court finds reasonable. Lewis Decl. Ex. C; Diess Decl. Ex. F. *Middle Mountain Land and Produce* stands for the proposition that attorneys' fees may be included in a PACA trust claim when a contractual right exists to them. *Id*. at 1223. Upon analyzing the Plaintiff's exhibits, the court finds that Plaintiff—in connection with the preserved PACA trust—reserved a contractual right to attorneys' fees.

      The Court GRANTS attorneys' fees pursuant to the sufficient production of documents creating such a right under PACA.

### 4. Costs

      In addition, Plaintiff seeks reimbursement of court costs in the amount of $512.50. This amount is supported by the record, as the Court's docket reflects payment of the $350 filing fee, and services rendered for service of summons and complaint, which totaled $162.50. Motion at 2. Therefore, the Court GRANTS Plaintiff's request for an award of costs incurred in filing this matter under PACA.

### 5. Post-Judgment Interest Charges

      Finally, Plaintiff also seeks post-judgment interest from the date of judgment at the rate allowed by 28 U.S.C. § 1961. Plaintiff does not have a contractual right to post-judgment finance charges. Therefore, Plaintiff is statutorily entitled to post-judgment interest which accrues on all unpaid federal judgments and is governed by federal law. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00364-DOC (MLGx)            Date: December 13, 2013
                                                                              Page 9

### V. Disposition

For the reasons stated above, the Court GRANTS the Motion for default judgment. As to Defendant Gil Angelo Bautisa, Jr., the court hereby:

      1. GRANTS Plaintiff's Motion for an entry of Default Judgment.

      2. GRANTS Plaintiff's request for Principal in the amount of $44,281.25;

      3. GRANTS Plaintiff's accrued interest in the amount of $9,822.08, as described above;

      4. GRANTS Plaintiff's request for attorneys' fees in amount of $4,744.79;

      5. GRANTS Plaintiff's request for costs of $512.50;

      6. GRANTS Plaintiff's request for post-judgment interest at a rate established by U.S.C. § 1961.

IT IS SO ORDERED.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                 Initials of Deputy Clerk: jcb